UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 APR 26  A 11: 35
U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 3:05 CR 58 (AHN) |
| PLAINTIFF | : | |
| | : | |
| VS. | : | |
| | : | |
| EDWIN GONZALEZ | : | APRIL 18 2005 |
| DEFENDANT | | |

## MOTION FOR BILL OF PARTICULARS

The defendant, by and through his counsel, moves this Court, pursuant to Fed.R.Crim.P. 7(f), for entry of an Order directing the Government to file, in writing, the following requested particulars which are not contained in this Indictment and which are essential to avoid surprise, prepare an adequate defense and avoid double jeopardy:

1. State the date, place and manner by which the Government alleges that the defendant, and each co-conspirator entered the conspiracy, identify the co-conspirators in the conspiracy at that time, and state whether it is alleged that the defendant, conspired directly with each co-conspirator.

2. State the date, place and manner by which the Government alleges that the defendant, formed the intent that conduct constituting the crimes of possession with the intent to distribute cocaine be performed.

3. State the conduct, which the Government alleges that the defendant intended to be performed or to take place in pursuance

or in furtherance of the conspiracy.

4. State whether it is alleged that there was an express agreement by the defendant, with other co-conspirators to violate the laws of the United States. If so, specify whether the agreement was oral or written. If oral, identify each party to the alleged agreement, set forth the substance of the words spoken by each party to the alleged agreement, the exact time, date and location where the agreement was made, and the name, address and telephone number of each person present. If the alleged agreement was written, furnish a copy of all writings.

5. The exact language, word or words allegedly used by these defendants which allegedly indicate, or intended to indicate, that they willfully and knowingly combined, conspired, confederated and agreed to commit the crimes charged in this criminal matter.

6. Set forth each overt act on which the Government intends to offer evidence by date, time, place, persons present and conversation.

   (a) Set forth date, place, time and manner by which the defendant, "committed or caused to commit" the overt acts contained in Paragraph(s) 1-10 of Count One.

   (b) State specifically what words and deeds of the defendant constitute the overt acts.

7. Provide the name of any Government informer claimed by the Government to have witnessed any of the overt acts on which

the Government intends to offer evidence at trial.

8. Provide the names of any unindicted co-conspirators the Government intends to use at trial as witnesses.

9. Set forth the names and addresses of all witnesses the Government intends to produce at trial to give testimony.

10. State whether any defendants or unindicted co-conspirators named or unnamed in the indictment, were acting on behalf of the United States at the time of the alleged conspiracy.

11. State the exact quantity of cocaine, which the Government claims that the defendant conspired to possess with the intent to distribute.

12. State the exact quantity of cocaine which the Government actually was delivered/seized. <u>United States vs. Podlog</u>.

13. List the physical evidence the Government intends to use to prove each and every count.

14. State the evidence, whether physical or otherwise, upon which the Government intends to prove the element of knowledge.

15. Define by time, date and place all conspiratorial acts alleged to have taken place "elsewhere" than the District of Connecticut.

16. Set forth whether the Government obtained any information concerning matters set forth in the indictment by means of electronic listening devices, wiretaps, or any form of electronic surveillance whatsoever, and if so, to set forth the

circumstances under which such electronic surveillance was conducted and the substance of the evidence thus obtained.

17. Set forth whether the Government intends to present at the trial, evidence obtained by means of wiretaps, or any form of electronic surveillance, and if so, to set forth the substance of such evidence and the manner in which it was obtained.

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR BILL OF PARTICULARS

The purpose of the Bill of Particulars under Rule 7 (f) of the Federal Rules of Criminal Procedure is to inform the Defendant of charges against him in sufficient detail that he may prepare his defense and minimize surprise at trial. United States v. Brimley, 529 F.2d 103 (6th Cir. 1976); See also United States v. Miller, 543 F.2d 1221 (8th Cir. 1976), certiorari denied, 97 S.Ct. 1142, 429 U.S. 1108. In addition, it is well recognized that a Bill of Particulars is addressed to the sound discretion of the Court. Turner v. United States, 426 F.2d 480 (6th Cir. 1970), certiorari denied, 91 S.Ct. 1646, 402 U.S. 982; United States v. Gorel, 622 F.2d 100 (5th Cir. 1979), certiorari denied, 100 S.Ct. 1340, 445 U.S. 943; United States v. Harbin, 601 F.2d 773 (5th Cir. 1979), certiorari denied, 100 S.Ct. 433, 444 U.S. 954. The Court should exercise this discretion liberally in accordance with the facts and circumstances of the individual case. See Advisory Committee's Note to Amended Rule (7) (1966).

WHEREFORE, Defendant prays this Honorable Court will grant this Motion for Bill of Particulars.

                    RESPECTFULLY SUBMITED:
                    DEFENDANT

BY: _____
LAW OFFICE OF MICHAEL L. MOSCOWITZ, LLC
MICHAEL L. MOSCOWITZ
JURIS NO. 415498
HIS ATTORNEYS
7 ELM STREET
NEW HAVEN, CT 06510
(203) 777-7602
(203) 777-7606
FEDERAL BAR NO.: CT07137

**CERTIFICATION**

THIS IS TO CERTIFY that copies of the foregoing motion was mailed postage prepaid on this $18^h$ of April 2004, to the following named parties and counsel:

Kevin J. O'Connor, Esq.
Alex Hernandez, Esq.
Office of the U.S. Attorney
915 Lafayette Blvd.
Bridgeport, CT 06604

Jonathan Einhorn, Esq.
412 Orange Street
New Haven, CT 06103

Norman Pattis, Esq.
649 Amity Rd.
PO Box 280
Bethany, CT 06524

John Walkley, Esq.
450 Monroe Turnpike
Monroe, CT 06488

| | |
|---|---|
| Jason P. Gladstone, Esq.<br>1804 Post Road East<br>Westport, CT 06880 | Andrew Bowman, Esq.<br>1804 Post Road East<br>Westport, CT 06880 |
| Frank J. Riccio, Esq.<br>923 East Main Street<br>PO Box 491<br>Bridgeport, CT 06608 | Francis P. O'Reilly, Esq.<br>O'Reilly & Shaw<br>87 Ruane Street<br>Fairfield, CT 06824 |
| Dan E. LaBelle, Esq.<br>Halloran & Sage, LLP<br>315 Post Road West Haven, CT 06516<br>Westport, CT 06880 | Vincent Noce, Esq.<br>3354 Main Street<br>Bridgeport, CT 06606 |
| Peter Schaffer, Esq.<br>1127 High Ridge Rd #330<br>Stamford, CT 06905-1230 | George W. Ganim, Esq.<br>4666 Main Street<br>Bridgeport, CT 06606 |
| J. Bruce Maffeo, Esq.<br>233 Broadway<br>Suite # 2701<br>New York, NY 10279 | Thomas Belsky, Esq.<br>United States Public Defender<br>2 Whitney Avenue<br>Suite # 300<br>New Haven, CT 06510 |
| Paoletti & Gusmano<br>3301 Main Street<br>Bridgeport, CT 06606 | Audrey A. Felsen, Esq.<br>1200 Summer Street<br>Suite # 201 B<br>Stamford, CT 06905 |
| Deidre Murry, Esq.<br>United States Public Defender<br>2 Whitney Avenue<br>New Haven, CT 06510 | Peter L. Truebner, Esq.<br>100 Prospect Street<br>Stamford, CT 06901 |
| Lawrence Hopkin, Esq.<br>83 Orange Street<br>New Haven, CT 06510 | |

_____
Michael L. Moscowitz